IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT WAYNE ZACHOW, ) | Civil No.: 3:14-cv-140-JE |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION AND ORDER |
| v. ) | |
| ) | |
| STATE OF OREGON ) | |
| Defendant. ) | |
| _____ ) | |

Robert Zachow
618 SE 187th Avenue
Portland, OR 97233

    Plaintiff *pro se*

JELDERKS, Magistrate Judge:

    Pro se Plaintiff Zachow brings this action against the City of Portland, Oregon. Plaintiff's Complaint form alleges that he was arrested for a burglary he didn't commit and that while he was in jail, two other individuals burglarized Plaintiff's house, forcing his family to move out. Plaintiff also alleges that while in jail he was denied prescribed pain medication. Plaintiff has applied to proceed *in forma pauperis* and has moved for the appointment of pro bono counsel.

FINDINGS AND RECOMMENDATION AND ORDER – 1

Plaintiff's application to proceed *in forma pauperis* is granted and his motion for appointment of counsel is denied. For the reasons set forth below, Plaintiff's Complaint should be dismissed, without service of process, for lack of jurisdiction and on the basis that it fails to state a claim upon which relief can be granted. *See* FRCP 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Federal courts are courts of limited jurisdiction, and are presumed to lack jurisdiction over a case unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Federal district courts may hear only those cases that are within the judicial power conferred by the United States Constitution or by statute. Richardson v. United States, 943 F.2d 1107, 1112-13 (9th Cir.1991), cert. denied, 503 U.S. 936, 112 S.Ct. 1473 (1992). Federal Rule of Civil Procedure 12(h) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." See also Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). A court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. See, e.g., Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974).

Jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331,1332.

Furthermore, under 28 U.S.C. § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see

also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).  In addition, under Federal Rule of Civil Procedure 8(a)(1), every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction...."  However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.  The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

As a basis for jurisdiction, Plaintiff has checked the box on page 2 of the Complaint form for diversity of citizenship jurisdiction.  However, Plaintiff lists his address in Portland, Oregon and brings this action solely against the City of Portland.  Thus, diversity of citizenship is not present here.  While Plaintiff may have grounds for asserting federal question jurisdiction, those grounds are not articulated in Plaintiff's Complaint.   As a result, this court lacks subject-matter jurisdiction in this case.  It is not clear whether the jurisdictional defects in Plaintiff's Complaint can be cured by amendment; therefore, dismissal should be without prejudice and with leave to file an amended complaint.

Moreover, Plaintiff's Complaint lacks any cognizable legal theory and, in any event, is without sufficient allegations of fact to support any claim against the City of Portland.  If Plaintiff does file an amended complaint based on federal question jurisdiction, he must specifically identify the federal statute, treaty or Constitutional provision that Plaintiff alleges was violated by Defendant.  Plaintiff must also allege sufficient facts to satisfy the federal pleading standard set out by the federal rules of civil procedure and the Iqbal and Twombly cases.

FINDINGS AND RECOMMENDATION AND ORDER – 3

Plaintiff also moves for appointment of pro bono counsel.  Generally, there is no constitutional right to counsel in a civil case.  United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986).  While this court has discretion to request volunteer counsel for indigent plaintiffs in "exceptional circumstances," the court has no power to make a mandatory appointment. 28 U.S.C. § 1915(e)(1) (formerly §1915(d)); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301–08 (1989).

In determining whether "exceptional circumstances" exist, a court considers the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970.  However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  In the present case, I do not find the requisite exceptional circumstances to support the appointment of counsel under § 1915(e)(1).  Plaintiff's motion for appointment of pro bono counsel is, therefore, denied.

## Conclusion

Plaintiff's application to proceed *in forma pauperis* (# 2) is GRANTED.  Plaintiff's motion for appointment of pro bono counsel (#3) is DENIED.  This action should be DISMISSED without service of process for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.  A judgment should be entered dismissing the action without prejudice and with leave to file an amended complaint within thirty days of the date of the Order.

**<u>Scheduling Order</u>**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 24, 2014. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 5th day of February, 2014.

                /s/ John Jelderks
                John Jelderks
                U.S. Magistrate Judge